IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cr-00336-DAR-1 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| ELIJAH S. PAYNE, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

    Currently pending before the court is the issue of whether Defendant Elijah S. Payne's pretrial release and bond should be revoked. After an earlier hearing conducted on November 27, 2023 – to determine whether Payne should be detained pending a bond revocation hearing – the court found probable cause to believe Payne had committed a violation of state law while on release and while awaiting sentencing in this matter. Accordingly, as required by 18 U.S.C. § 3143(a)(1), Payne was ordered detained.

    The matter came back before the court for bond revocation proceedings on December 7, 2023. After apprising Payne of his right to counsel and his right to remain silent, the court advised the parties that the issue of bond revocation was controlled by 18 U.S.C. § 3148. And the court further indicated that the probable cause finding made at the detention hearing had become law of the case and decided the threshold issue in § 3148(b)(1)(a). Further, the court and counsel discussed the applicability of the presumption in § 3148 that applies when there is probable cause to believe the defendant committed a felony while on pretrial release. In such

situations, there is a rebuttable presumption that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Thereupon counsel for the government offered its exhibits 1-9 with no objection from the defense and proffered other facts. The defendant did not call witnesses but proffered detailed information concerning a medical condition from which he suffers and for which he requires medical treatment that he is not currently receiving while detained. Counsel for each side argued their respective positions for and against bond revocation.

Based on the record before the court, the following findings are made:

1. There is probable cause to believe that Payne committed a felony while on pretrial release.
2. Payne's proffered information was insufficient to rebut the presumption for detention.
3. Even if the presumption had been rebutted, the court nevertheless finds that there is no condition or combination of conditions of release that would reasonably assure the safety of any other person or the community.

In light of the foregoing findings, 18 U.S.C. § 3148 mandates that defendant's bond be and it hereby is revoked. Defendant shall remain in the custody of the U.S. Marshal pending imposition of the sentence this matter. <u>The U.S. Marshal shall ensure that defendant Payne receives appropriate medical care for his injured ankle</u>.

**IT IS SO ORDERED**.

Dated: December 13, 2023

Thomas M. Parker
United States Magistrate Judge